UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
AUG 14 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

ROGER E. FILSON, )
 )
Plaintiff, )
 )
VS. ) Civil Action No: SA-02-CA-285-EP
 )
UNITED STATES OF AMERICA, )
 )
Defendant. )

## ORDER CONCERNING DEFENDANT'S MOTION TO DISMISS

On March 21, 2002, the plaintiff in the above numbered and styled cause filed a complaint against the defendant to appeal the result of a Collection Due Process (CDP) hearing conducted by the Internal Revenue Service (IRS). In his complaint, the plaintiff challenged the assessment of a $500 fine based on the IRS's determination that the plaintiff's 1994, 1995, 1996, and 1997 tax returns were frivolous and challenged the IRS's determination for unpaid income taxes for the tax years 1990 and 1993.[1] The plaintiff complained the CDP hearing was not valid because it was not held pursuant to the law and because the "determinations at issue are frauds and a mockery." In response, the defendant moved to dismiss the plaintiff's claim in regards to tax years 1990 and 1993 and moved for summary judgment for the remaining claims.

### Defendant's Motion to Dismiss

The defendant first argues that this Court lacks subject matter jurisdiction to hear the plaintiff's complaints about tax years 1990 and 1993. The defendant maintains that the Tax Court has jurisdiction over these claims because the plaintiff is complaining about the amount of unpaid

---

[1] According to the defendant's Motion to Dismiss or alternatively Motion for Summary Judgment, the plaintiff has an unpaid balance of $3,395.10 for 1990 and an unpaid balance of $1747.00 for 1993.

12

income tax. The plaintiff's appeal arises under section 6330 of the Internal Revenue Code. According to this section, a federal district court has jurisdiction over an appeal of a determination only if the Tax Court does not have jurisdiction. *See* 26 U.S.C. § 6330(a). Although the plaintiff contends the Tax Court does not have jurisdiction because the conditions of section 6330(d) have not been met and because "the Tax Court is not a Court of Law but only a court of record," the Tax court has jurisdiction over the plaintiff's complaints about tax years 1990 and 1993 because those claims involve tax liability. *See Lewis v. IRS*, No. H-00-1122, 2000 WL 1793954 (S.D. Tex. Oct. 31, 2000), at *1-2; *see also* Treas. Reg. § 301.6330-1(f)(2)Q&A-F-3. As a result, this Court has no jurisdiction over those claims. Consequently, the Court GRANTS the defendant's motion to dismiss (docket entry #6-1) and DISMISSES the plaintiff's claims about tax years 1990 and 1993.

### Standard of Review for Summary Judgment

In the usual case, the party who seeks summary judgment must show by affidavit or other evidentiary materials that there is no genuine dispute as to any fact material to resolution of the motion. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.4 (1986); *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). To satisfy this burden, the movant must either submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense. *See Celotex Corp.*, 477 U.S. at 325; *Lavespere*, 910 F.2d at 178.

Once the moving party has carried that burden, the burden shifts to the nonmoving party to show that summary judgment is not appropriate. The nonmoving party cannot discharge this burden

by referring to the mere allegations or denials of the nonmoving party's pleadings; rather, that party must, either by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324. In order for a court to find there are no genuine material factual issues, the court must be satisfied that no reasonable trier of fact could have found for the nonmoving party or, in other words, that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Liberty Lobby*, 477 U.S. at 249-50; FED. R. CIV. P. 56(e).

Where the party opposing the motion for summary judgment will have the burden of proof on an essential element of his case at trial and does not, after adequate time for discovery, make a showing sufficient to establish the existence of that element, summary judgment may be entered against him. *Celotex*, 477 U.S. at 322-24; *Fontenot*, 780 F.2d at 1194-95.

### Defendant's Motion for Summary Judgment

The defendant argues that it is entitled to summary judgment because there is no genuine issue of material fact about the IRS's determination that the plaintiff's tax return was frivolous. Section 6702 of the Internal Revenue Code provides for a civil penalty in the amount of $500 for a taxpayer who files a tax return that is substantially incorrect, and based on a position which is frivolous. In the instant case, the summary judgment evidence shows that the plaintiff filed his federal income tax returns for the years 1994-99 and reported zero taxable wages. Despite this representation, the defendant presented documents that show the plaintiff's nonemployee compensation as $60,721.00 in 1995; $81,037.00 in 1996; and $109,373.00 in 1997. Although the defendant stated that the IRS has been unable to recover information on the plaintiff's 1994 tax return, the Court observes that the plaintiff reported no income on line seven of his Form 1040 for all four years. This evidence demonstrates that the plaintiff's returns were substantially incorrect.

The summary judgment evidence also shows that the plaintiff's return was based on a position that is frivolous. The plaintiff attached a document to his tax return detailing his position about why he believed his wages were not considered taxable income. The plaintiff's justification for reporting no taxable wages was expressed in a two page list of objections and legal arguments. The plaintiff's arguments included: that taxes do not have to be paid on the basis of a tax return, that no section of the Internal Revenue Code makes him liable to pay income taxes, and that because he has no foreign earned income no other section of the Internal Revenue Code provides for liability to pay income taxes. The United States Court of Appeals for the Fifth Circuit previously considered and rejected similar arguments in a summary opinion. *See Crain v. Commissioner*, 737 F.2d 1417 (5th Cir.1984).

In determining a tax protestor's arguments challenging the IRS's authority to levy taxes, the court of appeals reasoned that "[t]he constitutionality of our income tax system– including the role played within that system by the Internal Revenue Service and the Tax Court–has long been established." *Crain*, 737 F.2d at 1417-18. The court of appeals explained that the courts "are not obligated to suffer in silence the filings of baseless, insupportable appeals presenting no colorable claims of error and designed only to delay, obstruct, or incapacitate the operations of the courts or any other governmental authority." *Id.* at 1418. This Court has considered and researched the plaintiff's arguments, and concluded that the plaintiff's arguments are baseless, unsupportable, and designed to obstruct the operations of the IRS. As a result, the defendant has shown that there is no genuine issue of material fact about the merits of the IRS's determination that his return was frivolous and that the $500 penalty was appropriate.

Although the plaintiff responded to the defendant's motion, he failed to raise a genuine issue of material fact. Instead, the plaintiff challenged the IRS's authority to collect taxes and assess a fine

for filing a frivolous return, repeated his original procedural complaints used for making such determinations, and asserted that district courts are not bound by Tax Court decisions. These arguments, however, do not raise issues of material fact. Because the plaintiff has failed to raise a genuine issue of fact about the assessment of the fine, the defendant is entitled to summary judgment. Consequently, the Court GRANTS the defendant's motion for summary judgment docket entry #6-2).

SIGNED this 13th day of August, 2002.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE